DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-83-FDW

| | |
|---|---|
| MARCUS ANTOINE WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| MARTA KALINSKI, | ) |
| FNU JOHNSON, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1), filed on February 19, 2014.

### I. BACKGROUND

Pro se Plaintiff Marcus Wilson is a state court inmate currently incarcerated at Mountain View Correctional Institution ("Mountain View") in Spruce Pine, North Carolina. On October 31, 2013, Plaintiff filed a Complaint in the Eastern District of North Carolina pursuant to 42 U.S.C. § 1983. On January 7, 2014, that court entered an order transferring the matter to this district. Wilson v. Kalinski, Civil No. 1:14cv5, Doc. No. 15 (W.D.N.C.). In the Complaint, Plaintiff alleged, among other things, that on some unspecified date while he was being transferred by bus from Alexander Correctional Institution to Mountain View, he was subjected to the risk of danger because officials placed him on the bus while he still had a peripherally inserted center catheter, or "PICC line," in his right arm. On February 10, 2014, this Court dismissed without prejudice Plaintiff's Complaint for failure to exhaust administrative remedies, noting that Plaintiff had submitted only his initial grievance in the administrative grievance

-1-

process.

On February 19, 2014, Plaintiff filed the instant action alleging the same claims in his previous action, and he again filed it in the Eastern District of North Carolina. On April 4, 2014, the Eastern District of North Carolina transferred the action to this Court.

**II.     STANDARD OF REVIEW**

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**III.    DISCUSSION**

As noted, this Court previously dismissed Plaintiff's prior action bringing the claim he brings here based on failure to exhaust administrative remedies. Plaintiff has attached to the Complaint filed in this action grievance forms showing that he exhausted his administrative grievances through Step Two of the grievance process, and his claim was denied at Step Two on February 6, 2014. (Doc. No. 1-1 at 1). As noted, Plaintiff filed this action on February 19, 2014. Plaintiff indicated on the Step Two grievance form that he wanted to appeal to Step Three. Because Plaintiff has shown that he has now proceeded to Step Three in the grievance process, this Court finds that Plaintiff has shown that he has exhausted his administrative remedies, and the Court may, therefore, address the merits of this action.

In this action, as in his previous action that was dismissed for failure to exhaust

administrative remedies, Plaintiff alleges:

> On October 3, 2013, Dr. Kalinski release[d] [Plaintiff] from the infirmary with a pic-line installed in my right arm to my heart in population and violated federal and state medical policy and procedures –endangerment of my life, breach of duties, health and sanitation safety and security and failure to protect medical claim outrageous conduct. And [correctional officer] Johnson escorted me to intake gave me my property and did not search me and I was on a walker and put me on the transfer bus and that itself put my life in danger and violated state laws.

(Doc. No. 1 at 3). It appears that Plaintiff is alleging an Eighth Amendment claim based on failure to protect, which implicates his right not to be subject to cruel and unusual punishment. To state a claim under the Eighth Amendment for an alleged failure to protect, a plaintiff must show "(1) serious or significant physical or emotional injury, and (2) that the prison officials had a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The U.S. Supreme Court and the Fourth Circuit have rejected a negligence standard in determining deliberate indifference to a prisoner's safety or medical needs. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Moore v. Winebrenner, 927 F.2d 1312, 1315-17 (4th Cir. 1991). Thus, merely negligent behavior on the part of a prison official in failing to protect a prisoner from a risk of harm does not present a constitutional violation. See Whitley, 475 U.S. at 319 ("[C]onduct that does not purport to be punishment at all must involve more than ordinary lack for due care.... [O]bduracy and wantonness, not inadvertence . . . characterize the conduct prohibited by [the Eighth Amendment].").

Plaintiff has failed to state a claim for a violation of the Eighth Amendment or any other provision of the U.S. Constitution. At most, Plaintiff alleges that prison officials were negligent in placing him on a transfer bus while he still had a pic-line in his arm. Furthermore, although Plaintiff complains that he was subjected to the risk of danger and that he was vulnerable

because he was transferred with the pic-line in his arm, he does not allege that any injury resulted from Defendants' conduct. In sum, the Court will dismiss this action for failure to state a claim.

### IV. CONCLUSION

For the reasons stated herein, this action is dismissed with prejudice for failure to state a claim.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** with prejudice for failure to state a claim.

(2) Although Plaintiff has not yet filed a Motion to Proceed in Forma Pauperis, the Court will grant in forma pauperis status to Plaintiff for the limited purpose of this review.

(3) The Clerk of Court is directed to close this case.

Signed: April 14, 2014

Frank D. Whitney
Chief United States District Judge